Filed 9/28/22  P. v. Jackson CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GREGORY JACKSON,<br><br>        Defendant and Appellant. | A161383<br><br>(Alameda County<br>Super. Ct. No. 62885) |

Defendant Gregory Jackson appeals from the denial of his petition to vacate his convictions for first degree murder and for resentencing. We find no error and affirm.

## Background

On March 16, 1977, a jury found defendant guilty of two counts of first degree murder and one count of first degree burglary. Defendant was sentenced to two terms of life in prison, with the sentence stayed on the burglary count. His convictions and sentence were affirmed by this court. (*People v. Jackson* (May 10, 1978, 1 Crim. No. 16903) [nonpub. opn.].)

In 2018, Senate Bill No. 1437 was enacted to "amend the felony murder rule . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Senate Bill No. 1437 amended

1

Penal Code section 188[1] to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and amended section 189 to state that a person can be liable for felony murder only if the person (1) "was the actual killer"; (2) with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) "was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.) Senate Bill No. 1437 also added a provision authorizing a petition to have a felony murder conviction vacated and to be resentenced on any remaining counts if the petitioner could not presently be convicted of murder under the changes to section 188 or 189. (Former § 1170.95, subd. (a).)[2]

On January 7, 2019, defendant filed a petition seeking to vacate his murder convictions and for resentencing. His petition alleges that he was convicted of two counts of first degree felony murder, was not the actual killer, did not act with an intent to kill, was not a major participant in the felony, and did not act with reckless indifference to human life during the commission of the crimes. The superior court appointed counsel and set a briefing schedule.

The prosecution opposed the petition, arguing that defendant was a major participant in the burglary during which two persons were murdered and that he acted with reckless indifference to human life during the commission of the crimes. In addition to defendant's signed written

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

[2]    Defendant's petition was filed under former section 1170.95. Section 1170.95 was renumbered as section 1172.6 effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

confession, the prosecution submitted the following documents with the opposition: the September 27, 1976 information; this court's 1978 nonpublished opinion in *People v. Jackson*; the prosecutor's section 1203.01 statement;[3] handwritten notes by the original prosecutor and the detective who interviewed defendant in 1976; and transcripts of 1976 police interviews with defendant.

The superior court issued an order to show cause, heard argument, and denied the petition for resentencing. The court found that defendant was a major participant in the burglary and had exhibited reckless indifference to human life. As the trial court observed, because this case is old we do not have the benefit of full transcripts from which to draw a factual record. Nonetheless, the court considered defendant's signed confession to police, which was admitted into evidence at trial, to provide an adequate factual history.

Defendant's statement reads in relevant part: "I was at my house last Saturday night. I was having a party . . . . It was at about 12:30-1:00 a.m. Sunday morning when Jody Toussaint came over. . . . [¶] Jody ask me to come outside. I did and he asked me who was at home next door. I said 'I guess not' cuz only one light was on and no cars were in the driveway. Jody said let's go make some money. . . . [¶] Jody and I both had gloves on. We hopped the fence and went into the garage. I looked into the freezer and closed it. I guess the lady heard us and we tried to hide under the pool table. She told us to get

---

[3]     Section 1203.01 authorizes the district attorney to file with the clerk of the court "a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner" which is then to be forwarded by the clerk to "the Department of Corrections and Rehabilitation at the prison or other institution to which the person convicted is delivered."

away from there. [¶] I told Jody that we should get out of there. Jody said to me 'Greg, I'm going to kill her.' He snatched a wrench from somewhere by the back wall as you walk in. He broke the window out of the door and went into the house. I followed him in. [¶] The lady was screaming 'get out of my house, get out of my house.' She was right between the kitchen and the hallway. She started backing up into the hallway trying to get away. Jody caught her in the hallway and hit her with the wrench 4 or 5 times. [¶] While he was hitting her I went into Linda's room. I didn't find nothing in there. Jody came into the room and asked what did I find. Then he went into the kitchen and got a knife. I went into the mother's room looking for money. Jody went back into the old man's room and stabbed him. [¶] I saw them struggling in the bedroom and Jody had the man by the head. Jody held his face down with the glove and stuck him in the head with the knife. [¶] The woman just screamed real loud when Jody stuck him. The man didn't make no noise and he fell down between the beds. [¶] I took a radio, [seven $1] bills, and a $2 bill that was torn in half. Jody came back in the room and asked if I found anything. The lady started screaming again and Jody started beating her again. [¶] Jody thought she was dead because she was laying in the hall. Jody started searching around in the mother's room and got a red and black jewelry box. [¶] Then we left together and hopped the fence back to my house. We were at the other house [in] about 10 min."

Based on defendant's statement, the trial court found that defendant was "a major participa[nt] in this burglary and that he acted with reckless indifference to human life because he knew before he went in the house the plan was to kill the woman," he "witnessed both killings, did nothing to render aid to either victim" and "[i]nstead continued to ransack the house, looking for valuables to steal."

4

Defendant timely filed a notice of appeal.

## Discussion

1. *Substantial evidence supports the court's finding that defendant is ineligible for resentencing.*

Section 1172.6, subdivision (d)(3) reads in relevant part: "At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens. A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges."

Defendant contends the court erred in relying on inadmissible evidence to deny his petition. Although he challenges the admissibility of all of the documents submitted by the prosecution, he focuses his appellate argument

5

on just two documents: the prosecutor's section 1203.01 statement and his written confession. We need not consider the admissibility of the prosecutor's statement under section 1203.01 because defendant's confession was properly considered and amply supports the court's findings. Any error with regard to the admission of the other documents was harmless.

Defendant acknowledges that his confession would likely be admissible as a statement against penal interest (Evid. Code, § 1230), or under another applicable hearsay exception, *if* a proper foundation for admission of the statement had been laid. He argues that "[p]erhaps such a foundation could have been laid, since it was asserted that the detective who took the statement was then an Inspector with the District Attorney's Office[, but] . . . no foundation has been laid thus far."

As the Attorney General notes, at the hearing on the instant petition defendant did not object to the admissibility of the confession. The parties dispute whether the failure to object forfeited defendant's challenge on appeal. The Attorney General cites the general rule that a defendant may not challenge the admissibility of evidence on appeal if he or she failed to raise a proper objection on those grounds in the trial court. (See Evid. Code, § 353, subd. (a) [error in admitting evidence may not be basis for reversal of judgment unless "an objection to or a motion to exclude or to strike the evidence . . . was timely made and so stated as to make clear the specific ground of the objection or motion"]; *People v. Anderson* (2001) 25 Cal.4th 543, 586 ["a challenge to the admission of evidence is not preserved for appeal unless a specific and timely objection was made below"].)

Defendant contends the general rule is not applicable where, as in this case, the law at the time of the ruling did not allow for an objection based on lack of foundation. (See *People v. Black* (2007) 41 Cal.4th 799, 810 ["We long

6

have applied the rule that although challenges . . . to the admission of evidence normally are forfeited unless timely raised in the trial court, 'this is not so when the pertinent law later changed so unforeseeably that it is unreasonable to expect trial counsel to have anticipated the change.' "].) He argues that, as of the time of the hearing on his petition, former section 1170.95, subdivision (d)(3) had been interpreted by Division Three of this court as giving "the superior court unfettered discretion to consider 'evidence' without any restriction at the subdivision (d)(3) hearing to determine the petitioner's eligibility for resentencing." (*People v. Williams* (2020) 57 Cal.App.5th 652, 661.)

Whether or not there has been a forfeiture, the statement was properly admitted under the current version of the statute. Section 1172.6, subdivision (d)(3), quoted in full above, expressly authorizes the trial court to "consider evidence previously admitted at any prior . . . trial that is admissible under current law." As acknowledged by defendant, a defendant's statements to the police are admissible under various exceptions to the hearsay rule recognized under current law. We do not read section 1172.6 to require the prosecution to reestablish the admissibility of evidence previously admitted at the defendant's trial. To the contrary, previously admitted evidence is an express exception to the rule that the admission of evidence at the hearing is otherwise governed by the Evidence Code. Because the statement was admitted at defendant's trial, a proper foundation presumably was laid at that time. Nothing in the record suggests otherwise. [4]

---

[4] Defendant's confession was marked as trial exhibit No. 255. The exhibit tag, signed by the superior court clerk, indicates that the exhibit was marked for identification on March 14, 1977, and admitted into evidence on March 15, 1977.

Defendant does not dispute that what he acknowledged in the confession is sufficient to negate his eligibility for resentencing. The confession demonstrates that he was aware the burglary posed a grave risk of death—when his codefendant told him he was "going to kill" the "lady" who appeared in the garage—and reckless indifference to human life, when he observed both killings without attempting to intervene or assist the victims.

To the extent that additional details cited by the court may have been drawn from the prosecutor's statement, any potential error was harmless. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) Details regarding the female victim's age, weight and height were not critical to the court's determination. The trial court's description of her beating as "horrible" and an "awful violent horrendous" beating are fully supported by defendant's confession, without regard to the prosecutor's statement. There is no reasonable likelihood that the result would have been more favorable to defendant had the prosecutor's statement, or any of the evidence other than defendant's confession, been excluded.

2. *Defendant's age at the time of the offense was properly considered by the court.*

Defendant contends the trial court did not give any consideration to the fact that he was a minor at the time of the offenses.[5] He requests a remand to allow the court to consider his youth in evaluating whether he acted with reckless indifference to human life. (See *People v. Ramirez* (2021) 71 Cal.App.5th 970, 991 ["A juvenile's immaturity and failure to appreciate the risks and consequences of his or her actions bear directly on the question whether the juvenile is subjectively ' "aware of and willingly involved in the

---

[5] Although the record does not reveal defendant's precise age at the time of the offenses, it is clear he was then a minor.

8

violent manner in which the particular offense is committed" ' and has 'consciously disregard[ed] "the significant risk of death his or her actions create." ' "]; *In re Moore* (2021) 68 Cal.App.5th 434, 454 ["defendant's youth is a relevant factor in determining whether the defendant acted with reckless indifference to human life"].)

The record demonstrates, however, that the court was fully aware that defendant was a minor at the time of the offenses. As the Attorney General notes, the superior court file contained numerous statements referencing defendant's youth at the time of the crimes and the court expressly stated that it had read the case file. In addition, defendant's youth was raised by the prosecutor at an early hearing on the resentencing petition. In discussing the limited factual record on which to rely the prosecutor stated, "My issue with this one -- I mean, he's been in custody since 1976, and he was a kid at the time, but he's been eligible for parole since the early '80s because he was sentenced under the old scheme, and so if this were a case [where he] had been [sentenced to life without the possibility of parole] as a kid in the '70s, I might be willing to discuss something where he could at least have the opportunity for parole, but he has had the opportunity for parole for like 37, 38 years and has not been able to do what he needs to do to get released, and so that's -- you know, that's not our issue. That's his issue with the parole board, but I don't think that just because he hasn't been able to work his way out on parole that that means that I'm willing to say, oh, I don't think what he did here qualifies as a murder under this rule. I don't think he's entitled to relief under section 1170.95."

The court's failure to expressly address defendant's youth in its ruling does not require remand. The court's implicit finding that defendant's youth did not preclude a finding that he acted with reckless disregard is supported

9

by substantial evidence. In *In re Moore*, *supra*, 68 Cal.App.5th at page 454, the court observed that "the 'hallmark features' of youth—'among them, immaturity, impetuosity, and failure to appreciate risks and consequences' " are "arguably more germane to a juvenile's mental state than to his or her conduct." The facts of that case were critically different. There, the defendant participated in the theft of a car and was present when a codefendant got out of the car and robbed a couple in a parking lot. (*Id.* at p. 440.) After the couple handed over their valuables, the codefendant without provocation shot and killed one of the victims. (*Ibid.*) The court reasonably found that the 16-year-old defendant "lacked ' "the experience, perspective, and judgment" ' to adequately appreciate the risk of death posed by his criminal activities." (*Id.* at p. 454; see also *People v. Ramirez*, *supra*, 71 Cal.App.5th at p. 991 [defendant's "age may well have affected his calculation of the risk of death posed by using the firearm in the carjacking, as well as his willingness to abandon the crime"].) Here, however, defendant admitted that his friend told him he was going to kill the female victim and that he observed him grab a wrench before they entered the house. His youthfulness had nothing to do with his appreciation of the risk of death under these circumstances. (See *In re Harper* (2022) 76 Cal.App.5th 450, 471–472 [defendant's youth did not undermine finding that defendant acted with reckless disregard for human life where facts establish that defendant "willingly participated in the robbery despite knowing there was a very high risk—if not a certainty—the victim would die"].)

## Disposition

The order denying defendant's petition is affirmed.

                                        POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.